*Eastern Dist.*
*February, 1836.*

LEEDS
*vs.*
ZERINGUE.

<hr>

LEEDS *vs.* ZERINGUE.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where a workman makes a piece of machinery to order, and it is alleged by the employer that it does not suit the purpose intended, and it is not objected that it was unskilfully made, the former will be entitled to recover the *price* of his work.

The plaintiff brought his action on an account stated against the defendant, for furnishing a sugar-mill roller,

26

EASTERN DIST.  spur wheel, &c., amounting to four hundred and fifty-three
February, 1836.  dollars, for which he prays judgment.

LEEDS
vs.
ZERINGUE.

The defendant pleaded a general denial. The evidence showed that when the roller of defendant's sugar-mill broke, he told a Mr. Abbot, his engineer, to procure another from one of the foundries in New-Orleans. He at last found one at the plaintiff's, which had been used and received some damage, but he was of opinion it could be made to suit the mill, by being turned and altered. That he directed the plaintiff to have it turned, and informed the defendant, who said it was very well, and to hurry on with it, as there was no time to lose. He sent the roller to the plantation and remained in town to procure another roller for defendant, at the foundry of Mr. Parker. It was put in the mill the next day, in his absence, and the day after, the defendant sent it back to the landing where it had been sent by the plaintiff, saying it was an old one, and would not suit him.

The overseer, who placed the roller in the mill, said it would not fit the place intended, by about an inch. That the defendant stated to Abbot, the engineer, if the plaintiff would make the necessary repairs on the roller, so as to make it suit the mill, he would take it. He was much in want of one to take off his crop. He sent it back the day after he had received it. The defendant, when he sent Abbott for a roller, directed him to go to Foucher's, and then to Parker's foundry, and not to go to plaintiff's.

Foucher, a witness for defendant, saw the roller at the landing and examined it; was of opinion it was not worth any thing, and he would not use it in his sugar-mill at all.

Abbot, examined by plaintiff, and asked if in his opinion the roller in question would with some alterations serve to take off the defendant's crop, says, in his opinion, it would, with two or three hours work, and be made to last three or four years. He estimates roller and appendages as worth three hundred and fifty dollars.

This is the substance of the testimony. The district judge who tried the cause in the first instance, gave judgment in favor of the defendant. The plaintiff appealed.

*Lockett*, for the plaintiff.

Eastern Dist.
*February*, 1836.

LEEDS
*vs.*
ZERINGUE.

1. In this case the defendant sent his engineer to plaintiff's foundry, for a sugar-mill roller, and had the articles made and repaired, as requested. The work was made according to direction. The engineer was the agent of the defendant, who is bound by his acts.

2. There is no evidence of fault 'or bad workmanship on part of plaintiff. The engineer says the roller was good, and he could have fixed it in two or three hours to suit the purposes of the defendant.

3. The defendant undertook to put up the machinery himself, without his engineer, and failed. It was, in fact, his fault if the work did not suit.

*Derbigny*, for defendant.

1. The engineer was not authorised to purchase the mill roller from the plaintiff's, and was not an agent; on the contrary, the defendant expressly directed him not to purchase there, but to get the roller at Foucher's or Parker's.

2. But admitting his agency, it did not deprive the defendant of the right to refuse receiving an old roller that had been used in other mills and damaged. By buying such an article of machinery, the agent exceeded his powers and did not bind the defendant.

3. The engineer proves his own agency, and by his own testimony is trying to establish the liability of the defendant. He is not a disinterested witness. If the roller had been sold to defendant, he would have had the right to return it when he discovered it was damaged.

*Martin, J.*, delivered the opinion of the court.

This is an action instituted by the plaintiff, who carries on the business of an iron foundry, to recover from the defendant the price of a sugar-mill roller and spur wheel, which he delivered to the agent of the latter.

The defendant resists this claim on the ground that the roller was unfit for the use to which it was intended to apply it, as it did not fit the place in the mill where it was to be

placed. It is not pretended or insisted, that it was wholly useless, or that it was unskilfully and inartificially made; but only that it conld not be fitted in the mill, for which purpose, it is alleged, it was procured.

From the evidence exhibited in the record, it appears this roller was chosen by the agent of the defendant at the plaintiff's foundry, and under his directions it was turned to a proper size, and adapted to the shape suitable to be used in the sugar-mill. This agent was the engineer of the defendant when the roller of his sugar-mill broke, and was directed to get a new one at one of the foundries in the city. It is not very clear from the defendant's own witnesses, that it could not have been adapted to the sugar-mill, which would have enabled him to grind up his crop of cane, provided the proper means had been made use of, after it was obtained. The defendant's engineer, who procured the roller, was of opinion, and so told his employer, that he could by a few hours' work make it suit the purpose intended.

It appears the plaintiff did all he was required to do. The objection made, was, that the roller did not suit the mill in place of the first one. The plaintiff did not undertake to prepare the roller for the mill, otherwise than by making it according to the directions of the agent of the defendant, who was present and ordered it. The plaintiff is, therefore, entitled to recover the price of his work.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed; and that the plaintiff do recover of the defendant, the sum of three hundred and fifty dollars with interest, and costs in both courts.

*Where a workman makes a piece of machinery to order, and it is alleged by the employer that it does not suit the purpose intended, and it is not objected that it was unskilfully made, the former will be entitled to recover the price of his work.*